```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
THOMAS GESUALDI and FRANK FINKEL,              :
                                               :
                Plaintiffs,                    :
                                               :              **CONTEMPT ORDER**
              -against-                        :              09-CV-841 (DLI)(CLP)
                                               :
ESL HOME REMODELING INC.,                      :
                                               :
                Defendant.                     :
------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

Before the Court is a motion by plaintiffs Thomas Gesualdi and Frank Finkel ("Plaintiffs"), Trustees of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds (the "Funds"), requesting that the Court hold Louis Quick ("Mr. Quick"), the President of defendant ESL Home Remodeling Inc. ("ESL"), in contempt for failing to comply with post-judgment discovery obligations and Magistrate Judge Cheryl L. Pollak's January 9, 2014 order compelling that discovery (the "Discovery Order"). (Mot. for Contempt, Dkt. Entry No. 16.)

On April 17, 2014, the Honorable Cheryl L. Pollak, U.S.M.J., issued a Report and Recommendation ("R&R"), certifying that Plaintiffs satisfied the requirements for the entry of an order of contempt against Mr. Quick and recommending that the Court enter such an order. (R&R, Dkt. Entry No. 20.) There were no objections to the R&R. On February 25, 2015, the Court ordered Plaintiffs and Mr. Quick to appear today for a *de novo* hearing on Plaintiffs' Motion for Contempt (2/25/15 ECF Or.), which Plaintiffs served on Mr. Quick (2/25/15 Cert. of Serv., Dkt. Entry No. 21.) Notably, Mr. Quick failed to appear for the hearing or communicate whatsoever with the Court in response to the Order to appear at the contempt hearing. Nonetheless, the Court proceeded with the hearing.

As set forth during the hearing, civil contempt is appropriate here. District courts are imbued with "inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)), *cert. denied*, 454 U.S. 832 (1981). This inherent power may only be exercised if "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *N.Y. State Nat'l Org. for Women v. Terry*, 888 F.2d 1339, 1351 (2d Cir. 1989) (internal citations omitted). All three conditions were met here. The Discovery Order was clear and unambiguous. Mr. Quick failed to comply with the Discovery Order, and there is no suggestion that he made any attempt to comply or that he has any intention to comply with the Discovery Order given his failure to appear at today's hearing.

Accordingly, as set forth more fully at the hearing, Plaintiffs' motion for an order of contempt is granted. As such, it is hereby ORDERED that:

(1) Mr. Quick is sanctioned $1,000 per day, starting from the date of this Order, until he fully complies with the Discovery Order by:

    (a) appearing for deposition and answering all questions truthfully;

    (b) producing the requested documents;

    (c) causing defendant ESL to respond to Plaintiffs' interrogatory requests; and

    (d) causing defendant ESL to produce all documents in its possession responsive to Plaintiffs' document requests; and

(2) Mr. Quick shall be liable for Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this contempt motion in an amount to be determined upon the conclusion of this litigation.

It is further hereby ORDERED that all parties are directed to appear before this Court on April 16, 2015 PROMPTLY at NOON in Courtroom 4A South of the Brooklyn Federal Courthouse, 225 Cadman Plaza East. If Mr. Quick does not appear on April 16, 2015, the Court will issue a warrant for his arrest. *See The Cadle Co. v. Valdez*, 2008 WL 1959528, at *1 (S.D.N.Y. May 5, 2008) ("A person in contempt may be incarcerated in the endeavor to obtain compliance with court orders enforcing discovery rules."). Mr. Quick is further admonished that he may be fined further and/or imprisoned for failure to comply with this Order. *See* 18 U.S.C. § 401.

The United States Marshals Service is directed to serve this Order on Mr. Louis Quick within five days of the date of this Order and provide proof of such service with the Court.

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2015

/s/
_____
DORA L. IRIZARRY
United States District Judge