UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
THOMAS GESUALDI and FRANK FINKEL,

                            Plaintiffs,

                -against-

ESL HOME REMODELING, INC.,

                            Defendant.
------------------------------------------------------------ x

**REPORT AND RECOMMENDATION**
09-CV-841 (DLI) (CLP)

POLLAK, United States Magistrate Judge:

## CERTIFIED FACTS

On February 27, 2009, plaintiffs Thomas Gesualdi and Frank Finkel, in their capacity as Trustees of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training, and Vacation Sick Leave Trust Funds (collectively, "plaintiffs" or "judgment creditors"), commenced this action against defendant ESL Home Remodeling, Inc. ("ESL" or "judgment debtor"), alleging that ESL failed to make payments to the Funds in violation of a collective bargaining agreement and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA").

Defendant failed to appear in the action or otherwise respond to the Complaint, and on September 11, 2009, plaintiffs requested a certificate of default and moved for default judgment. That same day, the Clerk of Court entered a certificate of default as to ESL, and on October 27, 2009, the Honorable Charles P. Sifton[1] granted plaintiffs' motion for default judgment and awarded plaintiffs $125,316.60.

---

[1] On December 18, 2014, this case was reassigned to the Honorable Dora L. Irizarry.

1

Thereafter, on January 2, 2014, plaintiffs moved to compel Louis Quick, a nonparty alleged to be ESL's president, to produce documents, respond to interrogatory requests, and appear for a deposition to determine what assets existed to satisfy the judgment. Plaintiffs explained that Mr. Quick had been served with a subpoena for these records, and for his deposition, but had failed to provide the requested documents, appear at the deposition, or otherwise contact plaintiffs concerning the subpoena.

On January 9, 2014, the undersigned granted plaintiffs' motion to compel and Ordered Mr. Quick to appear for a deposition and respond to plaintiffs' document demands and interrogatories, and to cause ESL to respond to plaintiffs' document requests by February 20, 2014.

On March 5, 2014, plaintiffs moved for contempt sanctions against Mr. Quick, on the grounds that he had failed to comply with this Court's January 9th Order. Plaintiffs stated that Mr. Quick had failed to appear for a deposition or to produce any documents or interrogatory responses on behalf of himself or ESL. Neither Mr. Quick nor ESL responded to plaintiffs' motion.

In a Report and Recommendation dated April 17, 2014, the undersigned certified certain facts described therein and respectfully recommended that plaintiffs' motion for contempt be granted. The Court mailed a copy of its Report and Recommendation to Mr. Quick that same day.

On February 25, 2015, the Honorable Dora L. Irizarry Ordered Mr. Quick to appear for a hearing on plaintiffs' motion for contempt on March 16, 2015, and directed plaintiffs to serve the Order on Mr. Quick. Later that day, plaintiffs certified that they had mailed a copies of

Judge Irizarry's Scheduling Order to Mr. Quick by UPS overnight mail and first-class mail, and on March 2, 2015, plaintiffs filed an affidavit of service stating that a process server had served the Order on Mr. Quick in person on February 27, 2015. The affidavit stated that after being served, Mr. Quick ripped the papers and threw them in a garbage pail by his driveway.

Plaintiffs' counsel appeared at the hearing before Judge Irizarry held on March 16, 2015, but Mr. Quick did not. As such, Judge Irizarry adopted this Court's Report and Recommendation of April 17, 2014, and Ordered that Mr. Quick be sanctioned $1,000 per day until he fully complied with this Court's Discovery Order of January 9, 2014 by (1) appearing for a deposition; (2) producing the requested documents; (3) causing ESL to respond to plaintiffs' interrogatories; and (4) causing ESL to produce all documents in its possession responsive to plaintiffs' document requests. Judge Irizarry also held Mr. Quick liable for plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting the contempt motion. Finally, Judge Irizarry Ordered all parties to appear before her on April 16, 2015. The Clerk of Court filed proof of service of Judge Irizarry's March 16th Order on April 16, 2015, asserting that on March 19, 2015, the U.S. Marhsals had served the Order on Mr. Quick's 23-year-old daughter.

On April 16, 2015, plaintiffs' counsel and Mr. Quick appeared before Judge Irizarry. The Court advised Mr. Quick that he needed to retain counsel to represent ESL. Judge Irizarry further advised Mr. Quick of the Contempt Order entered against him on March 16, 2015. Plaintiffs stated that Mr. Quick had not, to that date, complied with the discovery Orders, and Mr. Quick explained that many of his records had been destroyed during Hurricane Sandy. Judge Irizarry rescinded her contempt Order, and plaintiffs' counsel advised Mr. Quick that he

3

should seek to arrange a payment plan with plaintiffs at a monthly meeting to be held on May 13, 2015. Judge Irizarry referred the case to the undersigned for discovery supervision.

Thereafter, on April 17, 2015, the undersigned Ordered Mr. Quick and plaintiffs' counsel to appear for a status conference to be held on June 25, 2015. The Court advised Mr. Quick that a corporation cannot proceed *pro se*, and Ordered him to obtain counsel for ESL by June 25, 2015. The Court also warned Mr. Quick that if he failed to appear for the conference or request an adjournment, he would be subject to monetary or contempt sanctions. The Court Ordered plaintiffs to serve this Order on Mr. Quick, and the Court mailed a copy of the Order to Mr. Quick. On April 17, 2015, plaintiffs filed a certificate of service stating that they had mailed a copy of the Order to Mr. Quick.

On April 20, 2015, plaintiffs' counsel requested an adjournment of the June 25th conference, and on April 21, 2015, the Court issued an Order granting this request and adjourning the conference to July 7, 2015. The Court Ordered plaintiffs to serve this Order on Mr. Quick, and the Court mailed a copy of the Order to Mr. Quick. On April 21, 2015, plaintiffs filed a certificate of service stating that they had mailed a copy of the Order to Mr. Quick.

Plaintiffs' counsel appeared for the July 7, 2015 conference, but neither Mr. Quick nor any other representative of ESL appeared.

I.   Civil Contempt Legal Standard

It is well-settled that federal courts have inherent power to punish contempt. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (quoting Ex parte Robinson, 86 U.S. 505, 510 (1874));

4

see also Abrams v. Terry, 45 F.3d 17, 23 (2d Cir. 1995). Under Section 401 of Title 18 of the United States Code, a district court may "punish by fine or imprisonment, or both . . . contempt of its authority," such as "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. Under Rule 45 of the Federal Rules of Civil Procedure, a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Federal Rule 70 provides that a district court may hold a party in contempt for failing to comply with a court order to perform a certain act. Fed. R. Civ. P. 70. The Rules further provide that "the procedure for enforcing the order [against a nonparty] is the same as for a party." Fed. R. Civ. P. 71; see also Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 117 (E.D.N.Y. 2008) (citing PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002)) (explaining that "Rule 45 grants the court the power to hold a party in contempt 'simply on the basis of failure to comply with a subpoena'").

The concern animating the contempt power is disobedience of a court order, and "'not . . . merely the disruption of court proceedings.'" Chambers v. NASCO, Inc., 501 U.S. at 44 (quoting Young v. United States ex rel. Vuitton et Fils, S.A., 481 U.S. 787, 798 (1987)). An individual may be subject to both civil and criminal penalties for failing to obey a valid order of the court. See United States v. Petito, 671 F.2d 68, 72 (2d Cir. 1982), cert denied, 459 U.S. 824 (1982) (citing Yates v. United States, 355 U.S. 66, 74 (1957)). The main difference between civil and criminal contempt is the court's underlying purpose. While criminal contempt seeks to punish the contemnor, deter future offenses, or vindicate the authority of the court, civil contempt is used to coerce compliance with the court's order or compensate the complaining

5

party for losses incurred resulting from the contemnor's conduct. See Nye v. United States, 313 U.S. 33, 42-43 (1941); Hess v. N.J. Transit Rail Operations, Inc., 846 F.2d 114, 115 (2d Cir. 1988); In re Grand Jury Witness, 835 F.2d 437, 440-41 (2d Cir. 1987), cert denied, 485 U.S. 1039 (1988); In re Weiss, 703 F.2d 653, 661 (2d Cir. 1983); N.Y. State Nat'l Org. for Women v. Terry, 697 F. Supp. 1324, 1329 (S.D.N.Y. 1988).

District courts are imbued with the "inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" Powell v. Ward, 643 F.2d 924, 931 (2d Cir.) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)), cert. denied, 454 U.S. 832 (1981). This inherent power may only be exercised if "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1351 (2d Cir. 1989) (internal citations omitted).

Finally, in determining whether civil contempt sanctions should be imposed, the Supreme Court has set forth several factors for courts to consider: "(1) the character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction, and (3) the financial consequences of that sanction upon the contemnor." In re Grand Jury Witness, 835 F.2d at 443 (citing United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947)). "[T]he district court has 'broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions,' and '[i]ts determination will not be disturbed absent a clear showing of abuse of discretion." E.E.O.C. v. Local 28 of the Sheet Metal Workers Intern. Ass'n, 247 F.3d 333, 336

6

(2d Cir. 2001) (quoting N.A. Sales Co. v. Chapman Indus. Corp., 736 F.2d 854, 857 (2d Cir. 1984)).

II. Magistrate Judge's Authority

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances. These include summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. §§ 636(e)(3), (4). In all other instances where a person has committed an act constituting contempt in a proceeding before the magistrate judge, the Act sets forth a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

Under the certification process, the magistrate judge may conduct a hearing, see, e.g., British Int'l Ins. Co. v. Seguros La Republica, S.A., No. 90 CV 2370, 2001 WL 958975, at *7

7

(S.D.N.Y. Aug. 22, 2001); Church v. Steller, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999), but the magistrate judge "functions only to 'certify the facts'" and not to issue an order of contempt. Church v. Steller, 35 F. Supp. 2d at 217 (citing Litton Sys., Inc. v. AT&T, 700 F.2d 785, 827 (2d Cir. 1983), cert. denied, 464 U.S. 1073 (1984)); see also Stein Indus., Inc. v. Jarco Indus., Inc., 33 F. Supp. 2d 163, 165-66 (E.D.N.Y. 1999); Gomez v. Scoma's, Inc., No. C-94-4452, 1996 WL 723082, at *3 (N.D. Cal. Dec. 2, 1996) (holding that a magistrate judge's duty "is simply to investigate whether further contempt proceedings are warranted, not to issue a contempt order"). In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." Church v. Steller, 35 F. Supp. 2d at 217 (citing Proctor v. State Gov't of N.C., 830 F.2d 514, 521 (4th Cir. 1987)).

The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made. See Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 907-08 (3d Cir. 1992) (holding that it was error for the district court not to conduct a de novo hearing after the magistrate judge issued a certification of contempt). Where, however, the magistrate judge declines to certify the conduct to the district court for a determination of contempt, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." Church v. Steller, 35 F. Supp. 2d at 217 (citing In re Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 423-24 (S.D.N.Y. 1998)); see also In re Kitterman, 696 F. Supp. 1366, 1370 (D. Nev. 1988) (noting that magistrate's decision not to certify to district court "dispos[es] of the matter").

8

III.     Analysis

The certified facts in this case are sufficient to make out a prima facie case of contempt. With respect to the first element, Mr. Quick has violated numerous "clear and unambiguous" Orders of this Court. In addition to violating this Court's January 9, 2014 Order, which served as the basis for the previous contempt Order, Mr. Quick violated this Court's Order of April 17, 2015. This Order explicitly required Mr. Quick to obtain counsel on behalf of ESL by June 25, 2015. (See Order of 4/17/15 at 2) (stating "Mr. Quick is **FURTHER ORDERED** to find new counsel for the Corporate defendant by June 25, 2015") (emphasis in original).

Moreover, the Court's April 17th Order required Mr. Quick to "appear in person for a status conference to be held before the undersigned on **June 25, 2015 at 12:00 p.m.**" (Id. at 1) (emphasis in original). This Court's Order of April 21, 2015 adjourned the June 25th conference date, but clearly and unambiguously required Mr. Quick to appear before the undersigned on July 7, 2015. (See Order of 4/21/15 at 1) (stating "[t]he status conference previously scheduled for June 25, 2015 is rescheduled to **July 7, 2015 at 12:30 p.m.**") (emphasis in original). Thus, the Court's Orders of January 9, 2014, April 17, 2015, and April 21, 2015 were clear and unambiguous.

Turning to the second and third elements, Mr. Quick's violation of these Orders is absolutely clear, and Mr. Quick has made no effort to comply with these Orders. Mr. Quick has not, to date, provided any of the discovery he was Ordered to produce by the January 9, 2014 Order. No attorney has filed a notice of appearance on behalf of ESL, or otherwise contacted the Court. Finally, Mr. Quick failed to appear before the undersigned on July 7, 2015 and did not request an adjournment of the status conference scheduled for that date. Thus, there is no

9

question that Mr. Quick has violated this Court's Orders, and has made no attempt to comply with them. Thus, there is sufficient evidence to make out a prima facie case that these elements of the test have been satisfied.

In summary, the Court certifies that:

(1) A judgment in the amount of $125,316.60 was entered against defendant ESL on October 20, 2009 in favor of plaintiffs.

(2) Defendant ESL has failed to pay the judgment.

(3) Louis Quick, President of ESL and authorized agent, was served on November 5, 2013, with a subpoena seeking responses to interrogatories and document requests and scheduling Mr. Quick's deposition.

(4) On January 9, 2014, this Court issued an Order directing Mr. Quick to appear for his deposition on February 20, 2014 and ordering him to produce documents and direct ESL to provide responses to plaintiffs' discovery requests.

(5) On March 16, 2015, the Honorable Dora L. Irizarry issued an Order holding Mr. Quick in contempt and requiring him to pay plaintiffs $1,000 per day until he complied with this Court's January 9, 2014 Order.

(6) On April 16, 2015, Judge Irizarry rescinded the March 16th Order and referred this case to the undersigned for supervision of discovery.

(7) On April 17, 2015, this Court issued an Order directing Mr. Quick to obtain counsel for ESL by June 25, 2015, and to appear before the undersigned in person on that date.

(8) On April 21, 2015, the undersigned issued an Order adjourning the conference scheduled for June 25, 2015 to July 7, 2015.

10

(9) Mr. Quick failed to obtain counsel for ESL.

(10) Mr. Quick failed to appear at the July 7, 2015 conference and made no request for an adjournment.

(10) The Court's Orders were clear and unambiguous;

(11) Mr. Quick's noncompliance is clear; and

(12) Mr. Quick has made no diligent attempt to comply.

## CONCLUSION

Accordingly, the Court certifies the facts set forth herein and respectfully recommends that an Order of Contempt be entered against Mr. Quick.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 10, 2015

/s/ CHERYL POLLAK
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

11